UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EVELT HONORE,

    Plaintiff,

v.                                     Case No. 8:24-cv-2845-VMC-LSG

UNITED STATES POST OFFICE,

    Defendant.
_____/

**ORDER**

This matter comes before the Court upon consideration of Plaintiff Evelt Honore's Motion for Relief from Order of Dismissal (Doc. # 16), filed on June 27, 2025. For the reasons that follow, the Motion is denied.

**I.  Background**

Plaintiff — through counsel — initiated this Federal Tort Claims Act (FTCA) case on December 10, 2024. The case arises from an accident that injured Plaintiff at a United States Postal Service facility in Tampa on March 4, 2023. (Doc. # 1). Counsel Adam E. Miller was registered with the Court's CM/ECF filing system such that he received copies of all docket entries to the email address he registered with the Court: adam@millerlaw.legal.

1

On January 14, 2025, the Court directed Plaintiff to file a status report on her efforts to serve Defendant by January 22, 2025. (Doc. # 11). Plaintiff failed to file a status report by that deadline.

Then, on January 23, 2025, the Court entered an order noting Plaintiff's failure to respond to the Court's prior order. (Doc. # 12). The Court sua sponte extended the deadline for Plaintiff to file the status report to January 29, 2025. (Id.). Again, Plaintiff failed to file the status report by the deadline.

As a result, the Court entered a show cause order on February 3, 2025, directing Plaintiff "to show cause by February 7, 2025, why this case should not be dismissed without prejudice for violation of this Court's orders and for failure to prosecute." (Doc. # 13). Despite the seriousness of this show cause order, Plaintiff again failed to respond by the deadline.

Thus, on February 10, 2025, the Court dismissed this case without prejudice "for violation of this Court's orders and for failure to prosecute." (Doc. # 14). In dismissing the case, the Court was mindful of the FTCA's two-year statute of limitations. See Phillips v. United States, 260 F.3d 1316, 1319 (11th Cir. 2001) ("[W]e concluded that the two-year

2

statute of limitations under section 2401(b) began to accrue when the plaintiff was injured, regardless of a provision under state law that tolled the state statute of limitations pending termination of the plaintiff's workmen's compensation suit."). The dismissal without prejudice on February 10 occurred three weeks before the statute of limitations would run on March 4, 2025, leaving Plaintiff sufficient time to refile the action.

Four and a half months passed with no filings by Plaintiff. Then, on June 27, 2025, Plaintiff filed the instant Motion, seeking vacatur of the dismissal order under Rule 60(b)(1) and 60(b)(6). (Doc. # 16). Plaintiff's counsel, Mr. Miller, filed an affidavit in support of the motion. (Doc. # 16-1).

According to counsel, "[t]he basis for excusable neglect in this matter . . . is the inadvertent use of an email address that, while valid, was not intended to serve as the primary address for court filings in this district." (Id. at 1). It has been counsel's "consistent practice for over ten [] years to designate 'litigation@millerlaw.legal' as the primary email address in all jurisdictions for all court filings and notices, with 'adam@millerlaw.legal' designated as a secondary address for courtesy monitoring." (Id.).

3

"During the pendency of this case, all court communications and notices from the Middle District of Florida were sent only to adam@millerlaw.legal." (Id.). "Because I have consistently relied upon 'litigation@millerlaw.legal' for primary receipt of court filings and calendaring, I mistakenly believed that notices sent to 'adam@millerlaw.legal' were mere courtesy copies, and that my paralegal, who monitors the primary litigation email, had received these filings for calendaring and follow-up." (Id.). "Due to this misunderstanding, I did not forward the notices and orders to my paralegal for docketing, which led to an oversight regarding the court's deadlines and resulted in the dismissal of this case." (Id. at 2). "Upon discovering this issue, I immediately investigated the cause of the missed deadlines and determined that it was due to this inadvertent oversight in our newly added Middle District workflow, and not due to willful neglect or disregard of the Court's orders." (Id.). Counsel notes that Plaintiff "would suffer severe prejudice if this case remains dismissed, as the applicable statute of limitations has expired, leaving the Plaintiff without any legal recourse to pursue these claims." (Id.).

4

**II. Discussion**

Here, Plaintiff moves under Federal Rule of Civil Procedure 60(b)(1) and 60(b)(6). Rule 60 provides in relevant part: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b).

Plaintiff has not established grounds for relief under either Rule 60(b)(1) or (b)(6). As for Rule 60(b)(1), a party may seek relief based on mistake, inadvertence, or excusable neglect. Although Plaintiff briefly mentions both inadvertence and excusable neglect, she only discusses the law surrounding excusable neglect in the Motion and counsel's affidavit focuses on excusable neglect. Thus, the Court will focus on excusable neglect.

"A party seeking relief on the basis of excusable neglect must show that (1) 'it had a meritorious defense [or claim] that might have affected the outcome,' 'granting the motion would not result in prejudice to the opposing party,' and 'good reason' existed for the party's omission." Revere v. McHugh, 362 F. App'x 993, 999 (11th Cir. 2010); Grant v. Pottinger-Gibson, 725 F. App'x 772, 775 (11th Cir. 2018)

5

(explaining that, under Rule 60(b)(1), "the pertinent factors [for excusable neglect] include 'the danger of prejudice to the opposing party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith'" (citation omitted)). "The determination of what constitutes excusable neglect is generally an equitable one, taking into account the totality of the circumstances surrounding the party's omission." Sloss Indus. Corp. v. Eurisol, 488 F.3d 922, 934 (11th Cir. 2007).

The Eleventh Circuit, however, has opined that "attorney negligence or oversight is rarely grounds for relief." United States v. Real Prop. & Residence Located at Route 1, Box 111, Firetower Rd., Semmes, Mobile Cnty., Ala., 920 F.2d 788, 792 (11th Cir. 1991); Revere, 362 F. App'x at 999 ("We are wary of granting Rule 60(b) relief for excusable neglect based on claims of attorney error."). "Whether the Motion proceeds under Rule 60(b)(1) or Rule 60(b)(6), [] clients are held accountable for the acts and omissions of their attorneys. This is because the client freely selects his agent and must suffer any consequences that may result from that agency relationship." In re Bloomer, 552 B.R. 897, 900 (Bankr. S.D.

6

Fla. 2016) (citing Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 396-97 (1993)).

Having reviewed all the circumstances of this case, the Court determines that Plaintiff has not established excusable neglect. Again, Plaintiff's counsel acknowledges that the Court's numerous orders, including the show cause and dismissal order, were sent to his email address. (Doc. # 16-1 at 1). This is the email address counsel chose to register with CM/ECF in this Court. Yet, Plaintiff failed to respond to three different court orders before the Court dismissed the case. "A party may not ignore a district court order with impunity." United States v. One Rural Lot No. 11, 93 F. App'x 241, 244 (1st Cir. 2004). The Court does not find persuasive counsel's claim that he believed his paralegal was calendaring all necessary deadlines in this case and that belief was the cause of his inaction. Surely, once counsel received at the adam@millerlaw.legal address the Court's order to show cause for the two previous missed deadlines, counsel realized (or should have realized) that his paralegal was not calendaring the deadlines for this case. Counsel would have (and should have) realized that it was necessary for counsel to promptly draft a response to the show cause order. No explanation is given for why counsel did not realize the

seriousness of the situation once he received the show cause order and later the dismissal order. Indeed, counsel never explicitly avers that he read the Court's orders when they were issued, and it appears that counsel must have failed to monitor the only email address he registered for CM/ECF notifications from this Court. "At best, the plaintiff's counsel's excuse is an admission that he does not bother reading the court's orders when it emails them to him, but instead relies on his paralegal to keep track of his cases. At worst, it simply is not true. Either way, it is not excusable neglect." Gibson v. Wal-Mart, Inc., No. 1:18-cv-01665-CAP, 2019 WL 8376241, at *3 (N.D. Ga. Sept. 10, 2019); see also Waxman v. Equitable Life Assur. Soc'y of U.S., No. 07-80942-CIV, 2008 WL 2047881, at *1 (S.D. Fla. May 13, 2008) ("Although Plaintiff's counsel may prefer to delegate the task of checking e-mail and calendaring deadlines to her secretary, Plaintiff's counsel has a responsibility to check the docket.").

While Plaintiff may have a meritorious FTCA claim, she failed to prosecute that claim. When the Court dismissed this action, Plaintiff had multiple weeks before the statute of limitations ran to refile to protect her claim. But Plaintiff, because of counsel's negligence, failed to timely refile the

8

action. Additionally, the United States will be prejudiced if the Court were to grant the Motion "by having to expend more time and resources in defending this action." Audalus v. Scottsdale Ins. Co., 566 F. Supp. 3d 1318, 1323 (S.D. Fla. 2021).

Furthermore, Plaintiff significantly delayed moving to set aside the dismissal order. Although a copy of the dismissal order was automatically sent to counsel's email address on the day it was entered, Plaintiff waited four and a half months to file the instant Motion. Notably, counsel's affidavit provides no explanation for the four-and-a-half-month delay in moving to set aside the dismissal. (Doc. # 16-1 at 2). At most, counsel swears that he "immediately investigated the cause of the missed deadlines" "upon discovering this issue" at an unspecified time. (Id.). This "lack of detail" in explaining the lengthy delay in moving for relief is fatal to the Motion. See Sloss Indus. Corp., 488 F.3d at 935 ("[T]he affidavits say nothing about when Eurisol or its counsel learned about the initial default judgment on liability or the final default judgment. This lack of detail is, in our view, fatal to Eurisol's Rule 60(b)(1) motion," which was filed "over one month after the default judgment was entered.").

In short, the totality of the circumstances does not favor Plaintiff under Rule 60(b)(1). Counsel's negligence was not excusable, and his failure to read the Court's orders was not inadvertent or a mistake.

Nor does Rule 60(b)(6) apply. First, "Rule 60(b)(1) and Rule 60(b)(6) are mutually exclusive, therefore, a court cannot grant relief under Rule 60(b)(6) for any reason which the court could consider under Rule 60(b)(1)." Gonzalez v. N. State Parkway F&B, LLC, No. 1:19-cv-20543-KMM, 2019 WL 13469233, at *3 (S.D. Fla. Nov. 19, 2019). "The Court cannot grant relief under Rule 60(b)(6) for reasons which would fall under another category, such as excusable neglect." Id.; see also Grant, 725 F. App'x at 775 ("[R]elief under Rule 60(b)(6) applies only to 'cases that do not fall into any of the other categories' in Rule 60(b)(1) through (5)." (citation omitted)).

Even if that were not the case, "Rule 60(b)(6) applies only in exceptional and extraordinary circumstances." McCurry ex rel. Turner v. Adventist Health Sys./Sunbelt, Inc., 298 F.3d 586, 596 (6th Cir. 2002); see also Cano v. Baker, 435 F.3d 1337, 1342 (11th Cir. 2006) ("Rule 60(b)(6) motions must demonstrate that the circumstances are sufficiently extraordinary to warrant relief. Even then, whether to grant

10

the requested relief is . . . a matter for the district court's sound discretion." (citation and internal quotation marks omitted)). "[S]traightforward claims of attorney error," like that presented here, "do not satisfy this rigorous standard." McCurry ex rel. Turner, 298 F.3d at 596. Rather, "[a] party seeking to re-open a case under Rule 60(b)(6) must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the prosecution or defense of the action in a proper fashion." Delay v. Gordon, 475 F.3d 1039, 1044 (9th Cir. 2007) (citation and internal quotation marks omitted).

True, Plaintiff has established injury: the statute of limitations has now passed such that she cannot prosecute her FTCA claim in a new action. But Plaintiff cannot establish that circumstances beyond her control prevented her from timely complying with the Court's orders or timely refiling the action to avoid the statute of limitations. Indeed, Plaintiff here acknowledges that she, through her counsel, was entirely responsible for her failure to prosecute this case. Counsel admits he received copies of the Court's orders to his email address registered with this Court. (Doc. # 16 at 1). But counsel chose to ignore the Court's orders because he incorrectly believed his paralegal was also receiving

copies of the Court's orders and would handle all calendaring, despite the Court's show cause order establishing that the paralegal was not calendaring all deadlines. This is not an exceptional circumstance or circumstance beyond counsel's control. Counsel's inexplicable decision to ignore the Court's orders, including an order to show cause and a dismissal order, cannot warrant Rule 60(b)(6) relief. "Rule 60(b)(6) may not be used to relieve a party from its own failure to protect its interests." Dynamic Changes Hypnosis Ctr., Inc. v. PCH Holding, LLC, 306 B.R. 800, 811 (E.D. Va. 2004).

As Plaintiff has failed to establish grounds for relief from the dismissal of this case, the Motion is denied.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff Evelt Honore's Motion for Relief from Order of Dismissal (Doc. # 16) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 30th day of June, 2025.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

12